887 F.2d 1087
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Peter LUCHANSKY, Plaintiff-Appellant,
v.
The CITY OF YOUNGSTOWN POLICE DEPARTMENT, Defendant-Appellee.
 No. 89-3037.
 United States Court of Appeals, Sixth Circuit.
 Oct. 23, 1989.
 
 Before BOYCE F. MARTIN, Jr. and BOGGS, Circuit Judges; LAWRENCE P. ZATKOFF, District Judge.*
 PER CURIAM.
 
 
 1
 Peter Luchansky appeals the district court's decision granting summary judgment in favor of the City of Youngstown Police Department. We affirm.
 
 
 2
 On January 25, 1983, Luchansky was stopped in a Youngstown supermarket for allegedly shoplifting two bags of frozen shrimp. At the time that the incident occurred, Luchansky was a Youngstown police officer. The store manager, who had observed Luchansky place the shrimp inside his police jacket, walked Luchansky to the front of the store where an off duty Youngstown policeman, Officer Pavelko, was working security. The manager told Officer Pavelko that he had observed Luchansky shoplifting and that he wanted him arrested. Pavelko asked Luchansky if the allegations were true; Luchansky dropped his head and nodded, "Yes".
 
 
 3
 Luchansky was immediately arrested and booked on a charge of theft. Afterwards, Luchansky was taken to the office of the night turn commander, Captain Randall Wellington, of the Youngstown Police Department. Lieutenant Richard Lewis of Internal Affairs was also present. After admitting that he had taken the shrimp, Luchansky asked what would happen to him and whether he would be fired or allowed to resign. The meeting ended and Luchansky went home for the remainder of the night.
 
 
 4
 After Luchansky was arraigned the next day, he was again met by Lieutenant Lewis. Lewis escorted Luchansky to the police department where they met with Captains Sabatino and Havrilla. At this meeting, Luchansky was told that if he did not resign, he would be fired. Luchansky refused to resign and subsequently received a letter of termination.
 
 
 5
 On February 4, 1983, Luchansky filed an appeal of his dismissal to the Youngstown Civil Service Commission. In a hearing that was held by the Civil Service Commission on April 15, 1983, the Commission upheld the firing of Luchansky.
 
 
 6
 In December of 1983, Luchansky filed suit against the Youngstown Police Department. The original complaint contained only one claim alleging discrimination by the Police Department for giving preferential treatment to black officers over white officers in disciplinary matters. 42 U.S.C. Sec. 1981. Luchansky amended the complaint in June of 1985, adding an additional claim alleging a violation of his constitutional rights under the Fourteenth Amendment. 42 U.S.C. Sec. 1983.
 
 
 7
 On October 7, 1986, the district court granted partial summary judgment for Luchansky on his second claim, finding the Police Department liable for improperly terminating Luchansky. The issue of damages on that claim remained pending, as did the issue of liability and damages as to the first claim. On May 1, 1987, Luchansky and the Police Department agreed to voluntarily dismiss the first claim.
 
 
 8
 In November of 1987, the Police Department filed a motion for reconsideration and a renewed motion for summary judgment based on the existence of new legal authority on an issue material to the case. The district court found that the issue of the extent of pretermination procedures necessary to satisfy due process had been clarified by Cleveland Board of Education v. Loudermill, 470 U.S. 532 (1985), and the cases which followed Loudermill. The district court held that Luchansky received sufficient notice and opportunity to be heard prior to his termination such as to satisfy the due process requirements set forth in Loudermill. Accordingly, on December 6, 1988, the district court vacated its decision of October 7, 1986 and instead granted the Police Department's renewed motion for summary judgment.
 
 
 9
 In challenging the district court's decision, Luchansky's lone argument is purely a procedural one. Luchansky contends that the district court's decision of October 7, 1986 constituted a final judgment, and thus the district court could not properly reconsider its decision. This argument is without merit.
 
 
 10
 Until final judgment is entered, a court may always rescind or modify its own interlocutory order pursuant to Fed.R.Civ.P. 54(b). In Rudd Const. Equip. Co. v. Home Ins. Co., we held that partial summary judgment which resolves one aspect of a question of liability but leaves the issue of damages in dispute is neither final nor certifiable under Fed.R.Civ.P. 54(b) for immediate appeal. 711 F.2d 54, 56 (1983). The district court's decision of October 7, 1986 resolved the issue of liability, but left open the issue of damages. Therefore, the district court could properly reconsider its decision pursuant to Fed.R.Civ.P. 54(b).
 
 
 11
 Accordingly, summary judgment in favor of the City of Youngstown Police Department is hereby affirmed.
 
 
 
 *
 The Honorable Lawrence P. Zatkoff, United States District Judge for the Eastern District of Michigan, sitting by designation